# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 25-mj-2130 |
| LUKE BRISSIE | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 5, 2025__ in the county of __Davidson__ in the
__Middle__ District of __Tennessee__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 875(c) | Communicating a threat in interstate commerce |

This criminal complaint is based on these facts:

Please see the attached statement in support of criminal complaint.

☑ Continued on the attached sheet.

/s/ Andrew Anoskey
*Complainant's signature*

FBI TFO Andrew Anoskey
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ (specify reliable electronic means).

Date: __April 10, 2025__

*Judge's signature*

City and state: __Nashville, Tennessee__    Jeffery S. Frensley, United States Magistrate Judge
*Printed name and title*

## STATEMENT OF FACTS IN SUPPORT OF A CRIMINAL COMPLAINT

1. I, Andrew Anoskey, am a Task Force Officer with the Federal Bureau of Investigation (the "FBI") assigned to the Nashville Field Office. As an FBI Task Force Officer, I investigate acts of domestic and international terrorism, weapons of mass destruction violations, and other threats of violent crime. As a Task Force Officer, I am authorized by law to engage in or supervise the prevention, detention, investigation, or prosecution of violations of federal criminal laws.

2. The facts in this statement are based on information from various sources, including personal knowledge or information learned during this investigation from witnesses or other law enforcement personnel. This statement does not contain each and every detail I know regarding this investigation. Instead, this statement provides information necessary to establish probable cause to arrest the defendant, Luke G. BRISSIE, for Making Threats in Interstate Commerce, in violation of Title 18, United States Code, Section 875(c). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

## PROBABLE CAUSE

3. On April 5, 2025, M.C., an officer with the Metropolitan Nashville Police Department ("MNPD"), notified MNPD that he received threatening messages from an Instagram account bearing the username "luke_g_brissie," with display name, "luke g brissie." The account user, later identified as BRISSIE, sent M.C. a direct message in which BRISSIE threatened to place a bomb in M.C.'s patrol vehicle, place a bomb in M.C.'s house, or shoot M.C. Through his Instagram account, BRISSIE also threatened to commit a mass stabbing at a local grocery store in Massachusetts, bomb an FBI building, and kill M.C.'s fellow police officer and acquaintance.

1

4. M.C., who was in the State of Tennessee at the time he received the threatening communication, took screenshots of the messages from BRISSIE which are listed below:







5.    M.C. contacted MNPD's Security Threat Section ("STS") to notify them of the threatening communication that he received from BRISSIE. FBI Nashville was notified of the incident and submitted an Emergency Disclosure Request ("EDR") to Meta Platforms, Inc. ("Meta"), the parent company of Instagram, requesting subscriber information for Instagram username "luke_g_brissie," with display name, "luke g brissie." In response, Meta identified BRISSIE as the creator of the Instagram account. Meta also told law enforcement that the account last logged in on April 6, 2025, using Internet Protocol ("IP") address 24.91.109.236. Using open-source research, law enforcement determined that the associated IP address originated in Northampton, Massachusetts. Meta uses servers and interstate facilities in numerous states and countries, and BRISSIE's communications to M.C. traveled from Massachusetts to Tennessee through Meta's servers and interstate facilities.

6.    Agents searched the Thomson Reuters CLEAR database for information related to BRISSIE. That database located an individual with the same name and date of birth that law enforcement received from Meta who resided in Amherst, Massachusetts. Through open-source research, law enforcement determined that Amherst is a neighboring town of Northampton, Massachusetts.

7.    FBI Nashville contacted FBI Boston, notified them of the threatening communication, and requested that FBI Boston locate and interview BRISSIE as soon as possible. FBI Boston successfully located BRISSIE and interviewed him at his place of residence, which is in Amherst, Massachusetts. During the interview, BRISSIE admitted contacting M.C. and expressed surprise that his messages reached M.C. BRISSIE stated that he intended to lure M.C. to Massachusetts so he could complete the acts that he (BRISSIE) described in his threats. BRISSIE also told agents he intended to bomb the FBI Boston Field Office and had, in fact,

5

planned on conducting a mass stabbing at a nearby grocery store the morning that he was encountered by agents.

8. BRISSIE also explained to FBI agents why he targeted M.C. and his motivations for targeting and threatening M.C.

9. Due to his statements during the interview, BRISSIE was involuntary committed for mental health evaluation.

10. Based on the foregoing, I submit that there is probable cause to believe that Luke G. BRISSIE knowingly made threats in interstate commerce, in violation of Title 18, United States Code, Section 875(c).

6